

FILED
NOV 1 9 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Roman RUVALCABA,<br><br>Defendant. | Case No.: **21CR3194** BAS<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on September 15, 2021, to determine whether Defendant, Roman RUVALCABA , should be held in custody pending trial on the grounds that he is a flight risk. Assistant United States Attorney Rosario Gonzalez appeared on behalf of the United States. Bacilio Varela of Federal Defenders, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the Complaint issued against the Defendant on August 25, 2021 by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

# I

# **FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant is charged by Grand Jury Indictment in Case No. 21CR3194 with the importation of a mixture and substance containing a detectable amount of methamphetamine (Count 1); and importation of a mixture and substance containing a detectable amount of cocaine (Count 2), all in violation of Title 21, U.S.C., §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offenses.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, et seq.). Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u>, 18 U.S.C. § 3142(e).

3. According to the United States Sentencing Guidelines, the Base Offense level is 32. <u>See</u>, USSG § 2D1.1(c)(4). Assuming the Defendant's criminal history score places him in Criminal History Category I, <u>see</u>, USSG § 4A1.1, the sentencing range for the Defendant is 121-151 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2))</u>:

1. On August 25, 2021, Customs and Border Protection Officer (CBPO) Martinez was assigned to vehicle primary lane number 6 of the Calexico, California West Port of Entry (POE) when he encountered Roman RUVALCABA (RUVALCABA). RUVALCABA approached lane 6 riding a white tricycle towing a black trailer. RUVALCABA attempted entry into the United States without providing any documentation or identification. CBPO Martinez received a negative oral customs declaration from RUVALCABA. CBPO Martinez noticed anomalies at the back of the trailer and asked RUVALCABA if he was the owner of the tricycle. RUVALCABA responded "Yes." Based on the anomalies at the base of the trailer, RUVALCABA was referred to secondary inspection.

2. In secondary inspection, Canine Enforcement Officer (CEO) J. Escobell screened the trailer using his assigned Human Narcotics Detector Dog (HNDD). CEO

Escobel's HNDD alerted to the trailer. Inside a concealed compartment located on the bottom of the trailer, and accessed through a metal plate at the back of the trailer, a total of four (4) bundles containing a clear crystal-like substance and three (3) bundles containing a white powdery substance were discovered. Supervisory CBPO Avery tested four (4) bundles containing a white crystalline substance using a Mistral Group Presumptive Test Kit. The substance tested positive for the properties of methamphetamine. The total weight of the four (4) packages containing methamphetamine was approximately 2.18 kilograms (4.806 pounds). Supervisory CBPO Avery tested three (3) bundles of a white powdery substance using a Mistral Group Presumptive Test Kit which resulted in a positive result for cocaine. The total weight of the three (3) packages containing cocaine was approximately 3.38 kilograms (7.452 pounds).

       3.     Special Agent (SA) J. Dellinger and Task Force Officer (TFO) J. Martinez responded to the Calexico West POE and conducted the post-arrest interview. TFO Martinez read RUVALCABA his Miranda Rights in the Spanish language. After TFO Martinez read Miranda Rights to RUVALCABA, RUVALCABA advised TFO Martinez and SA Dellinger that he was willing to waive his right to counsel and speak to Agents without the presence of an attorney. RUVALCABA denied any knowledge of the narcotics concealed within the trailer. RUVALCABA admitted ownership of the tricycle and trailer but stated he did not know there were narcotics concealed within.

    C.    <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3))</u>:

       1.     Though the Court acknowledges this is the least important factor, the weight of the evidence is strong against Defendant including the fact that Defendant was the owner of the bicycle and trailer and was riding the bicycle at the time of his arrest.

       2.     Defendant has a substance abuse history.

       3.     Defendant is unemployed.

       4.     Defendant has residence in Mexico.

       5.     Defendant has a criminal history.

       6.     Defendant failed to appear in this Court on September 2, 2021 following the Notice to Appear given on August 25, 2021.

D. <u>Danger to the Community (18 U.S.C. § 3142(G)(4))</u>

The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has no prior criminal history.

## II

## **REASONS FOR DETENTION**

A. There is probable cause to believe that Defendant committed the offense(s) charged in Case No. 21CR3194, to wit: the importation of a mixture and substance containing a detectable amount of methamphetamine (Count 1); and importation of a mixture and substance containing a detectable amount of cocaine (Count 2), all in violation of Title 21, U.S.C., §§ 952 and 960.

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, he has a strong motive to flee.

C. Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## **ORDER**

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

//
//
//
//
//
//

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**
DATED: 11/19/2021

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

RANDY S. GROSSMAN
Acting United States Attorney

Rosario Gonzalez
Assistant U.S. Attorney

cc:   Bacilio Varela
      Counsel for Defendant